# IN THE UNITED STATES DISTRICT COURT
# FOR EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM FLORIO, | : | Civil Action No. 2:14-cv-02744 |
| Plaintiff, | : | |
| | : | (Hon. Joel H. Slomsky) |
| v. | : | |
| TRANS UNION, LLC, EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., CORELOGIC CREDCO, LLC and HSBC BANK NEVADA, N.A. | : : : : | **JURY TRIAL DEMANDED** |
| Defendants. | : | |

## ANSWER OF DEFENDANT CORELOGIC CREDCO, LLC
## TO PLAINTIFF'S COMPLAINT

CoreLogic Credco, LLC ("Credco"), through its undersigned counsel, now answers the Complaint of Plaintiff William Florio ("Plaintiff"). Credco generally denies all allegations in the Complaint that it does not expressly admit in this Answer. Credco further denies that it willfully or negligently violated any law, either individually or collectively with any other individual or entity.

In answering the Complaint, Credco is responding to the allegations only on behalf of itself, even if the allegations pertain to alleged conduct by itself and the other Defendants—Trans Union, LLC, ("Trans Union"); Equifax Information Services, LLC ("Equifax"); Experian Information Solutions, Inc. ("Experian"); and HSBC Bank, Nevada, N.A. ("HSBC") (collectively the "other Defendants").

Credco responds to the specific allegations in the enumerated paragraphs in the Complaint as follows:

1. Credco denies the allegations in paragraph 1 of the Complaint.

**JURISDICTION AND VENUE**

2. Credco admits the allegations in paragraph 2 of the Complaint.

3. Credco denies the allegations in paragraph 3 of the Complaint because it lacks knowledge or information sufficient to form a belief about the truth of those allegations.

**PARTIES**

4-7. Credco denies the allegations in paragraphs 4 through 7 of the Complaint because it lacks knowledge or information sufficient to form a belief about the truth of those allegations.

8. In response to paragraph 8 of the Complaint, Credco admits that it conducts business in the Eastern District of Pennsylvania, but only as a reseller as defined in 15 U.S.C. § 1681a(u) of the FCRA. Credco denies the remaining allegations in paragraph 8 of the Complaint.

9. Credco denies the allegations in paragraph 9 of the Complaint because it lacks knowledge or information sufficient to form a belief about the truth of those allegations.

**FACTUAL ALLEGATIONS**

*Defendants' TransUnion, Experian and Equifax's Practices Concerning the Sale of Reports on the "Deceased"*

10-52. Paragraphs 10 through 52 of the Complaint involve only "Trans Union, Experian and Equifax" and do not make any allegations regarding Credco. Therefore, Credco denies the allegations in paragraphs 10 through 52 of the Complaint because it lacks knowledge or information sufficient to form a belief about the truth of those allegations. To the extent the allegations relate to Credco, Credco denies those allegations.

## *Case Specific Facts As To All Defendants*

53.     Credco denies the allegations in paragraph 53 of the Complaint to the extent the allegations relate to Credco.  To the extent the allegations relate to the other Defendants, Credco denies the allegations for lack of knowledge or information sufficient to form a belief about the truth of those allegations.

54.     Paragraph 54 of the Complaint does not make any allegations involving Credco.  Credco denies the allegations in paragraph 54 of the Complaint because it lacks knowledge or information sufficient to form a belief about the truth of those allegations.

55-57.  Credco denies the allegations in paragraphs 55 through 57 of the Complaint to the extent the allegations relate to Credco.  To the extent the allegations relate to the other Defendants, Credco denies the allegations for lack of knowledge or information sufficient to form a belief about the truth of those allegations.

58.     Paragraph 58 of the Complaint does not make any allegations involving Credco.  Credco denies the allegations in paragraph 58 of the Complaint because it lacks knowledge or information sufficient to form a belief about the truth of those allegations.

59.     Credco denies the allegations in paragraph 59 of the Complaint.

60-63.  Credco denies the allegations in paragraphs 60 through 63 of the Complaint to the extent the allegations relate to Credco.  To the extent the allegations relate to the other Defendants, Credco denies the allegations for lack of knowledge or information sufficient to form a belief about the truth of those allegations.

64.     Credco denies the allegations in paragraph 64 of the Complaint.

## CLAIMS

### COUNT ONE—EQUIFAX, EXPERIAN, & TRANS UNION
### ALLEGED VIOLATIONS OF THE FCRA

65. Credco realleges and incorporates by reference paragraphs 1 through 64 of this Answer as if fully restated.

66-70. Paragraphs 66 through 70 of the Complaint do not make any allegations involving Credco. Credco denies the allegations in paragraphs 66 through 70 of the Complaint because Credco lacks knowledge or information sufficient to form a belief about the truth of those allegations.

### COUNT TWO—CREDCO
### ALLEGED VIOLATIONS OF THE FCRA

71. Credco realleges and incorporates by reference paragraphs 1 through 70 of this Answer as if fully restated.

72. In response to paragraph 72 of the Complaint, Credco admits that it engages in activity that meets the definition of "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f), but only to the extent of its activities as a "reseller" as that term is defined by 15 U.S.C. § 1681a(u). Credco denies the remaining allegations of paragraph 72 of the Complaint because the allegations contain only legal conclusions and Credco therefore need not respond beyond Credco's general denial.

73-74. In response to paragraphs 73 and 74 of the Complaint, Credco states that they contain only legal conclusions and Credco therefore need not respond beyond Credco's general denial.

75-76. Credco denies the allegations in paragraphs 75 and 76 of the Complaint.

## COUNT THREE—HSBC
## ALLEGED VIOLATIONS OF THE FCRA

77. Credco realleges and incorporates by reference paragraphs 1 through 76 of this Answer as if fully restated.

78-80. Paragraphs 78 through 80 of the Complaint do not make any allegations involving Credco. Credco denies the allegations in paragraphs 78 through 80 of the Complaint because Credco lacks knowledge or information sufficient to form a belief about the truth of those allegations.

## JURY TRIAL DEMAND

81. Credco demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Credco denies that Plaintiff is entitled to the relief requested in his PRAYER.

## ADDITIONAL DEFENSES

Without admitting to the truth of any of the allegations in the Complaint that have previously been denied, and without admitting or acknowledging that Credco bears any burden of proof as to the allegations in the Complaint, Credco asserts the following defenses. Credco also intends to rely upon any defenses that become available or apparent during pretrial proceedings and discovery in this action, and hereby reserves the right to amend this Answer in order to assert all such further defenses.

## FIRST ADDITIONAL DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

**SECOND ADDITIONAL DEFENSE**

Plaintiff's Complaint fails because the allegations do not meet the plausibility standard set forth in Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009) and Bell Atlantic v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007).

**THIRD ADDITIONAL DEFENSE**

The Complaint fails to the extent that Plaintiff lacks standing or has not taken action necessary to avail Plaintiff of the rights he claims under the FCRA.

**FOURTH ADDITIONAL DEFENSE**

The Complaint is subject to a set off if any damages are awarded against Credco, in the amount of any damages or settlement amounts recovered by Plaintiff with respect to the same alleged damages.  Credco is also entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

**FIFTH ADDITIONAL DEFENSE**

Plaintiff's alleged damages, if any, are the result of the acts, errors, and omissions of third parties not controlled by Credco, and those third parties were the sole cause of any such damages.

**SIXTH ADDITIONAL DEFENSE**

Plaintiff's alleged damages, if any, are speculative or uncertain and, therefore, are not compensable.

**SEVENTH ADDITIONAL DEFENSE**

Plaintiff's claims are barred, in whole or in part, by lack of injury or damages, whether actual, presumed, or otherwise.

### EIGHTH ADDITIONAL DEFENSE

Plaintiff's alleged damages, if any, are the result of Plaintiff's own acts, errors, and omissions, which were the sole cause of any such damages.

### NINTH ADDITIONAL DEFENSE

Plaintiff failed to take reasonable steps to protect himself from damages, if any, and failed to mitigate any such alleged damages.

### TENTH ADDITIONAL DEFENSE

Plaintiff cannot recover against Credco to the extent that the Complaint, and each of its purported causes of action, are barred by the doctrines of waiver, accord and satisfaction, payment, illegality, laches, estoppel, res judicata, and/or release.

### ELEVENTH ADDITIONAL DEFENSE

Plaintiff cannot recover against Credco to the extent that the Complaint, and each of its purported causes of action, are barred by any applicable statute of limitations.

### TWELFTH ADDITIONAL DEFENSE

Plaintiff failed to perfect service upon Credco under the Pennsylvania Rules of Civil Procedure for several reasons, including that Plaintiff knew, or reasonably should have known, that the postal service noted the listed address "Officer, CoreLogic Credco, LLC, 12395 First American Way, Poway, California 92064" was "undeliverable as addressed".

### THIRTEENTH ADDITIONAL DEFENSE

Credco reserves the right to assert additional defenses as they become known.

WHEREFORE, Credco prays for judgment as follows:

(a)     That Plaintiff takes nothing by reason of his Complaint in this matter;

(b)     That judgment be rendered in favor of Credco and that the Complaint be dismissed with prejudice;

(c)     That Credco be awarded its costs of suit in this matter, including reasonable attorneys' fees if available; and

(d)     For such other and further relief as the Court deems just and proper.

Respectfully submitted,

s/Bonnie M. Hoffman
Sharon F. McKee
Bonnie M. Hoffman
HANGLEY ARONCHICK SEGAL
PUDLIN & SCHILLER
One Logan Square
18th & Cherry Streets, 27th Floor
Philadelphia, PA  19103-6933
Telephone:  (215) 568-6200
Telecopier:  (215) 568-0300
Email:  smckee@hangley.com
        bmh@hangley.com

*Attorneys for Defendant*
*CoreLogic Credco, LLC*

# CERTIFICATE OF SERVICE

I certify that on the 18th day of August, 2014, I electronically filed the foregoing Answer of Defendant CoreLogic Credco, LLC to Plaintiff's Complaint with the Clerk of Courts using the CM/ECF system, which will send notification of such filing to CM/ECF participants, and I hereby certify that I have mailed by United States Postal Service the document to the non-CM/ECF participants:

Gregory Gorski
FRANCIS & MAILMAN, P.C.
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA  19110

*Attorneys for Plaintiff*

Mohammad A. Ghiasuddin
KAPLIN STEWART MELOFF REITER & STEIN PC
Union Meeting Corporate Center
910 Harvest Drive
P.O. Box 3037
Blue Bell, PA 19422-0765

*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

William R. Brown
Scott Edwin Brady
SCHUCKIT & ASSOCIATES PC
4545 Northwestern Drive
Zionsville, IN  46077

Casey Green
SIDKOFF, PINCUS & GREEN, P.C.
1101 Market Street
2700 Aramark Tower
Philadelphia, PA 19107

*Attorneys for Defendant*
*Trans Union, LLC*

James Christie
CHRISTIE PARABRUE & YOUNG
1880 JFK Boulevard, 10th Floor
Philadelphia, PA 19103

*Attorneys for Defendant*
*Equifax Information Services LLC*

Andrew K. Stutzman
Eric M. Hurwitz
Parker V. Sherry
STRADLEY, RONON, STEVENS & YOUNG LLP
2005 Market Street
2600 One Commerce Square
Philadelphia, PA 19103-7018

*Attorneys for Defendant*
*HSBC Bank Nevada, N.A.*


                                            s/Bonnie M. Hoffman
                                            Bonnie M. Hoffman